UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DEARBORN NATIONAL LIFE
INSURANCE COMPANY,

           Plaintiff,           Case No. 19-13284

v.           Honorable Thomas L. Ludington

MARTI DIAMOND,
MICHELE DIAMOND,
And ELIZABETH DIAMOND,

           Defendants.
_____/

**ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR LEAVE TO DEPOSIT INTERPLEADER FUNDS AND DENYING IN PART WITHOUT PREJUDICE REQUEST FOR ATTORNEY FEES**

On November 7, 2019 Plaintiff filed a complaint for interpleader against Defendants stating that "Dearborn National is a licensed insurance company" and it "requests that this Court determine the rightful beneficiary to [the proceeds of a life insurance policy] pursuant to Fed. R. Civ. P. 22 because there are two or more adverse claimants who seek the funds at issue." ECF No. 1 at PageID.2-3. Mr. Drew Diamond was employed by Alpena Electric and obtained a life insurance policy through his employer with a benefit of $20,000. ECF No. 1. Two of Mr. Diamond's daughters (jointly) and his wife (separately) claim a right to the proceeds of the life insurance policy. *Id.*

On March 18, 2020 Plaintiff filed a motion for leave to deposit interpleader funds with the court, seeking an award of $7,500 in attorney fees and costs, seeking an order enjoining defendants from asserting claims against Plaintiff, discharging Plaintiff from liability, dismissing Plaintiff from the case, and ordering defendants to appear and present claims to the court. ECF No. 23.

Defendants Michele and Elizabeth Diamond do not object to Plaintiff depositing funds with the court and being dismissed from the action, but object to the $7,500 request for attorney fees. ECF No. 24. Defendants argued the request is 37.5% of the $20,000 policy and Plaintiff has not substantiated the attorney fees. *Id.* No response was received from Defendant Marti Diamond. Plaintiff explained in its reply that the requested fees are reasonable and included the total number of hours worked and the hourly rate of the individuals. Plaintiff did not provide a copy of the billing logs and explained they are privileged, but failed to provide further explanation. Therefore, Plaintiff's request to deposit the funds at issue will be granted.

Plaintiff argues their billing statements "are protected from disclosure by attorney client privilege" without citing any legal authority for the proposition. ECF No. 25 at PageID.162. Additionally, Plaintiff explains that "[t]he amount of Dearborn National's attorneys' fees is a direct consequence of defendants' conduct in this action . . . . Undersigned counsel first circulated a proposed stipulated order granting the relief sought by Dearborn National in its motion on January 30, 2020. Nearly half of Dearborn National's total attorneys' fees ($3,439.50) were incurred after February 1, 2020, and directly relate to Dearborn National's efforts to deposit the funds and be dismissed from this action." *Id.* at PageID.163. However, Plaintiff does not explain how the remainder of fees were incurred, nor does it provide the breakdown of expenses incurred after February 1, 2020. If Plaintiff continues to seek attorney fees and costs, it must file a separate motion supported by a detailed and itemized explanation of the attorney fees and costs incurred that they request Defendants pay.

Accordingly, it is **ORDERED** that Plaintiff's motion for leave to deposit interpleaders funds, ECF No. 23, is **GRANTED IN PART** and **DENIED IN PART**. Plaintiff's requests for a

full award of attorney fees and dismissing Plaintiff from the action are **DENIED WITHOUT PREJUDICE**.

Accordingly, it is **ORDERED** that Plaintiff may deposit into the Court the amount of $20,000.00, plus any applicable interest, constituting the life insurance policy payable by reason of the death of Mr. Drew Diamond, the deceased participant in the plan.

It is further **ORDERED** that after Plaintiff deposits the life insurance benefits of the Decedent, plus any applicable interest, into the Court in an interest-bearing account established by the Court in accordance with Local Court Rule 67.1, the Clerk is authorized to deduct from the account any fee authorized by the Judicial Conference of the United States. In the event the check presented to the Court by Plaintiff is not a bank check or certified check, before depositing the check into an interest-bearing account the Court may hold the check for a period of up to 14 days or until notified that the check has cleared, whichever occurs earlier.

It is further **ORDERED** that upon the deposit of the plan benefit, plus any applicable interest, by Plaintiff into the Court, Plaintiff shall be fully relieved of and discharged from any and all liability with respect to payment of the group life insurance benefits, plus any applicable interest, payable under the Plan by reason of the death of the Decedent.

It is further **ORDERED** that the Defendants in this action are enjoined and restrained from instituting any other action in any state or United States court against Plaintiff, for recovery of the Plan Benefits, plus any applicable interest, payable as a consequence of the death of the Decedent.

Dated: April 20, 2020                                               s/Thomas L. Ludington  
                                                                    THOMAS L. LUDINGTON  
                                                                    United States District Judge